## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## PANAMA CITY DIVISION

CARLOS PAZ,

      Plaintiff,

v.                               Case No. 5:21-cv-242-TKW/MJF

MELINDA COONROD,[1] *et al.*,

      Defendants.

_____/

## REPORT AND RECOMMENDATION

After the Florida Commission on Offender Review ("FCOR") declined to modify Plaintiff Carlos Paz's presumptive parole release date, he initiated this action under 42 U.S.C. § 1983, alleging violations of the Eighth and Fourteenth Amendments. Because Paz has failed to state a plausible claim for relief, the District Court should dismiss the claims in Paz's second amended complaint.

### I. BACKGROUND

On May 13, 2022, Paz filed a second amended complaint against three defendants: (1) Melinda Coonrod, a commissioner of the FCOR; (2) Matthew W. Braxton, an investigator with the FCOR; and (3) the FCOR. Doc. 13 at 2-3. Paz is suing Coonrod and Braxton in their individual capacities.

---

[1] Although Paz lists "Melissa" Coonrod as a defendant, he presumably means Melinda Coonrod.

Paz is an inmate of the Florida Department of Corrections. In July 1987, after

Paz had murdered his mother, father, and sister, a Florida court convicted Paz of six

counts, including three counts of first-degree murder. *State v. Paz*, No. F86-37544,

Order, Doc. 248 at 3 (Fla. Cir. Ct. Jan. 29, 2019).[2] The court sentenced Paz to life

imprisonment for the three counts of murder; 134 years of imprisonment for robbery

with a firearm or other deadly weapon; 15 years of imprisonment for shooting or

throwing deadly missiles into a dwelling; and 15 years of imprisonment for

threatening to use a firearm during the commission of a felony. Corrections Offender

Network,     http://www.dc.state.fl.us/OffenderSearch/Search.aspx?TypeSearch=AI

(search DC Number field for "181074").[3] Paz's presumptive parole release date is

December 16, 2094.

According to Paz, on May 7, 2021, Braxton spoke with him over the phone to

discuss Paz's upcoming parole interview. Doc. 13 at 5. Because Paz did not have

---

[2] The undersigned takes judicial notice of the documents filed in Paz's criminal case. Under Federal Rule of Evidence 201(b), a court may take "judicial notice of facts that are not subject to reasonable dispute because they are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999).

[3] Federal Rule of Evidence 201(b) applies to publicly-available records of state agencies. *Dimanche v. Brown*, 783 F.3d 1204, 1213 n.1 (11th Cir. 2015); *Terrebone v. Blackburn*, 646 F.2d 997, 1000 n.4 (5th Cir. 1981) (en banc).

advance notice of the interview, he was unable to prepare for the ten-minute interview. *Id.*

On June 23, 2021, the FCOR held a "Subsequent Commission Action Meeting," which was "chaired" by Coonrod. *Id.* Paz alleges that the FCOR did not even consider Braxton's recommendation that Paz's presumptive parole release date be reduced in light of Paz's "above satisfactory" institutional conduct. *Id.* The FCOR ultimately determined that Paz did not yet warrant a change in his presumptive parole release date. *Id.* at 5-6. On August 4, 2021, after an "Inmate Initiated Review of Presumptive Parole Release Date," the FCOR affirmed its decision. Doc. 13 at 7-8.

Paz asserts three claims. He first contends that Florida's parole system violates the Eighth Amendment because the system denies a "realistic opportunity for release based on demonstrated maturity and rehabilitation." *Id.* at 8. The parole system, according to Paz, fails to account for an offender's age at the time of the offense and fails to provide "a variety of other procedural protections." *Id.* Paz does not identify those procedural protections. Paz also asserts a "procedural" due-process claim under the Fourteenth Amendment. He contends that he was denied "a meaningful parole review." *Id.* at 9-10. Finally, Paz asserts a "substantive" due-process claim under the Fourteenth Amendment, alleging that he was denied parole for "arbitrary or constitutionally impermissible reasons." *Id.* at 10-14.

Paz requests a new, in-person parole interview with a different investigator or, alternatively, a new presumptive parole release date; an unspecified amount of compensatory and punitive damages; and $50,000 for each year Paz has been incarcerated while awaiting an effective parole release date. Doc. 13 at 14-17.

## II. STANDARD

Because Paz is a prisoner, the court is required to review his complaint, identify cognizable claims, and dismiss the complaint, or any portion thereof, if the complaint "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a)-(b); *see id.* § 1915(e)(2)(B) (applying the same standard to *in forma pauperis* proceedings). Federal Rule of Civil Procedure 12(b)(6) governs whether a complaint states a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Carbone v. CNN, Inc.*, 910 F.3d 1345, 1350 (11th Cir. 2019). Under Rule 12(b)(6), the court accepts all well-pleaded factual allegations of the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994).

To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," rather than the mere possibility that the defendant acted unlawfully. *Id.* That is, the complaint's factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

### III. DISCUSSION

**A.     Paz Fails to State a Plausible Eighth-Amendment Claim**

Paz first asserts a claim under the Eighth Amendment. Doc. 13 at 8-9.

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. In *Graham v. Florida*, the Supreme Court held that the Eighth Amendment forbids imposing a sentence of life without parole for a nonhomicidal crime on a defendant who was a juvenile at the time he committed the offense. 560 U.S. 48, 53 (2010); *Moore v. Warden*, 816 F. App'x 337, 339 (11th Cir. 2020). States instead must give juvenile defendants convicted of a nonhomicidal crime "some meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation." *Graham*, 560 U.S. at 75. The Court in *Graham* defined a "juvenile" defendant as one who was under the age of 18 at the time he committed the offense. *Id.* at 74. Subsequent cases have confirmed that, for the constitutional purposes of sentencing, the age of 18 is the dividing line between childhood and adulthood. *Jones v. Mississippi*, 141 S. Ct. 1307, 1314 (2021) (noting

that "sentencing an offender who was under 18 at the time of the crime raises special constitutional considerations"); *Miller v. Alabama*, 567 U.S. 460, 465 (2012) ("[M]andatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment . . . ."); *see Roper v. Simmons*, 543 U.S. 551, 574 (2005) ("The age of 18 is the point where society draws the line for many purposes between childhood and adulthood.").

According to Paz, Florida's parole system violates the Eighth Amendment because it denies prisoners a "realistic opportunity for release based on demonstrated maturity and rehabilitation." Doc. 13 at 8. Paz contends that Florida's parole system does not account for an offender's age at the time of the original offense or provide "other procedural protections," which Paz does not identify. *Id.* Paz borrows most of this language from *Graham*. 560 U.S. at 53. But *Graham* addressed life-without-parole sentences imposed on *juvenile defendants convicted of nonhomicidal offenses*. *Id.* at 82. Paz was 18 at the time he committed the offenses of which he was convicted. Doc. 13 at 7. He also was convicted of, among other things, three homicidal offenses: *first-degree murder*. *Id.*

Because Paz was not a juvenile when he committed the offenses of which he was convicted, was not sentenced to life without parole, and was convicted of homicidal offenses, the Eighth-Amendment right created or recognized in *Miller*

does not apply to Paz's case.[4] The other cases that Paz cites in support of his argument also are inapposite. *Howard v. Coonrod*, 546 F. Supp. 3d 1121, 1125 (M.D. Fla. 2021) (noting that the plaintiffs were serving life sentences with the possibility of parole for offenses they committed when they were under 18); *Greiman v. Hodges*, 79 F. Supp. 3d 933, 935 (S.D. Iowa 2015) (noting that the plaintiff was convicted of a nonhomicidal offense that he committed when he was 16 and received a mandatory sentence of life without parole).

Paz also makes a passing reference to article I, section 17 of the Florida State Constitution. Doc. 13 at 9. To the extent Paz is attempting to assert a claim under that section, this claim is without merit. First, section 1983 does not authorize claims based on an alleged violation of state law. *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979) (noting that section 1983 is "a method for vindicating federal rights"). For that reason alone, this claim is not cognizable in this section 1983 action.

Additionally, article I, section 17 of the Florida Constitution is construed consistent with the Eighth Amendment to the United States Constitution. Fla. Const. art. I, § 17 ("The prohibition against cruel or unusual punishment, and . . . cruel and

---

[4] To the extent Paz is alleging that Defendants violated the Eight Amendment by denying him parole or failing to modify his presumptive parole release date, Paz has failed to state a claim. Simply denying or postponing parole is "a disappointment rather than a punishment of cruel and unusual proportions." *Damiano v. Fla. Parole & Prob. Comm'n*, 785 F.2d 929, 933 (11th Cir. 1986); *Slakman v. Buckner*, 434 F. App'x 872, 874 (11th Cir. 2011).

unusual punishment, shall be construed in conformity with decisions of the United

States Supreme Court which interpret the prohibition against cruel and unusual

punishment [under] the Eighth Amendment . . . ."); *Landrum v. State*, 192 So. 3d

459, 463 (Fla. 2016). Because Paz has failed to allege a plausible claim under the

Eighth Amendment, he necessarily has failed to allege a plausible claim under article

I, section 17.

Despite having two opportunities to amend and supplement his allegations,

Paz has failed to state a plausible claim for relief under the Eighth Amendment. The

District Court, therefore, should dismiss this claim.

**B.**     **Paz Fails to State a Plausible "Procedural" Due-Process Claim**

Paz next attempts to asserts a "procedural" due-process claim under the

Fourteenth Amendment. Doc. 13 at 9-10.

The Constitution does not confer a liberty interest in parole. *Nyberg v.*

*Davidson*, 776 F. App'x 578, 581 (11th Cir. 2019). States instead "may confer such

a liberty interest in parole under state law." *Monroe v. Thigpen*, 932 F.2d 1437, 1441

(11th Cir. 1991) (citing *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442

U.S. 1, 12 (1979)). Florida's parole system, however, does not create such a liberty

interest. *Swain v. Fla. Comm'n on Offender Rev.*, 780 F. App'x 676, 678 (11th Cir.

2019); *Harrell v. Fla. Parole Comm'n*, 479 F. App'x 234, 236 (11th Cir. 2012);

*Thorne v. Chairperson Fla. Parole Comm'n*, 427 F. App'x 765, 771 (11th Cir.

2011); *Walker v. Fla. Parole Comm'n*, 299 F. App'x 900, 902 (11th Cir. 2008);

*Jonas v. Wainwright*, 779 F.2d 1576, 1577 (11th Cir. 1986). "Unless there is a liberty

interest in parole, the procedures followed in making the parole determination are

not required to comport with standards of fundamental fairness." *O'Kelley v. Snow*,

53 F.3d 319, 321 (11th Cir. 1995) (brackets omitted) (quoting *Slocum v. Ga. State*

*Bd. of Pardons & Paroles*, 678 F.2d 940, 942 (11th Cir. 1982)). Furthermore, absent

a constitutional violation, no claim lies under section 1983. *Id.* at 322.

Paz asserts that he has a liberty interest in "a meaningful parole review."

Doc. 13 at 10. But this argument is without merit: Paz does not have a liberty interest

in parole. *Swain*, 780 F. App'x at 678; *Harrel*, 479 F. App'x at 236; *Thorne*, 427 F.

App'x at 771; *Walker*, 299 F. App'x at 902; *Jonas*, 779 F.2d at 1577. Because Paz

does not have a liberty interest in parole, he cannot allege that Defendants committed

a procedural due-process violation under the Fourteenth Amendment and, therefore,

he cannot assert a procedural due-process claim under section 1983 regarding the

State's failure to parole him or the procedures surrounding parole decisions.

*O'Kelley*, 53 F.3d at 321 (citation omitted).

As noted above, Paz has had two opportunities to amend and supplement his

allegations. Further amendment would be futile because Paz does not have a liberty

interest in meaningful parole review. The District Court, therefore, should dismiss

Paz's "procedural" due-process claim.

**C.**     **Paz Fails to State a Plausible "Substantive" Due-Process Claim**

Paz also asserts a "substantive" due-process claim under the Fourteenth

Amendment. Doc. 13 at 10-14.

Courts have held that the Due Process Clause prohibits a state from denying

parole in an "arbitrary and capricious" manner or engaging in a "flagrant or

unauthorized action" in doing so. *Monroe v. Thigpen*, 932 F.2d 1437, 1441 (11th

Cir. 1991) (citations omitted). But "only the most egregious official conduct can be

said to be arbitrary in the constitutional sense." *Waddell v. Hendry Cnty. Sheriff's*

*Off.*, 329 F.3d 1300, 1305 (11th Cir. 2003) (quoting *Cnty. of Sacramento v. Lewis*,

523 U.S. 833, 834 (1998)); *Slakman*, 434 F. App'x at 875 (same).

According to Paz, "[n]ot much" was considered during his parole review.

Doc. 13 at 5. Paz alleges that rather than credit Braxton's recommendation to reduce

Paz's presumptive parole release date (December 16, 2094), Defendants focused on

the serious nature of Paz's offenses. *Id.* at 5-6. Paz also alleges that Defendants

"singlehandedly rubberstamp[ed] their final decision" without consideration of

Paz's "files and/or records." *Id.* at 11.

These vague allegations do not plausibly suggest that Defendants acted

arbitrarily and capriciously in declining to modify Paz's presumptive parole release

date. Additionally, in order to consider the serious nature of Paz's offenses,

Defendants necessarily would have had to consider at least some of Paz's "files

and/or records." Furthermore, the FCOR's consideration of the severity of Paz's offenses "is not the type of 'most egregious conduct' required in an arbitrary and capricious analysis."[5] *Slakman*, 434 F. App'x at 875 (noting that "the Supreme Court has stated that 'the gravity of the offense' must be considered in making a parole determination") (quoting *Greenholtz*, 442 U.S. at 15); *Harrell v. David*, No. 4:10-cv-281-GRJ, 2011 WL 13176131, at *4 (N.D. Fla. July 12, 2011) (holding that a presumptive parole release date based "solely on the seriousness of [a plaintiff's] crimes . . . does not rise to the level of 'arbitrary and capricious' action"), *aff'd sub nom. Harrell*, 479 F. App'x at 237.

For these reasons, the District Court should dismiss Paz's "substantive" due-process claim.

## IV. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court:

1.    under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim upon which relief can be granted, **DISMISS** with prejudice Plaintiff's Eighth-Amendment claim;

---

[5] In *Slakman*, the court noted that *Day v. Hall*, 528 F.3d 1315 (11th Cir. 2008), despite stating that a prisoner "had a clear right to seek a parole determination based on reasons other than the 'circumstances and nature of the offenses' for which he was convicted," did not address the arbitrary-and-capricious argument under the Fourteenth Amendment. 434 F. App'x at 875.

2.      under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to

state a claim upon which relief can be granted, **DISMISS** with prejudice Plaintiff's

Fourteenth-Amendment claims; and

3.      order the clerk of the court to close this case.

At Pensacola, Florida, this <u>7th</u> day of June, 2022.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## <u>NOTICE TO THE PARTIES</u>

**The district court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2;** *see also* **28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation.** <u>**Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.**</u> **An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**